IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
2007 APR 23 A 11: 09
CLERK
SO. DIST. OF GA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 107-028 |
| | ) | |
| TOMMY DRAWDY | ) | |

**O R D E R**

In accordance with the Court's instructions at the arraignment in this case on April 18, 2007, all pre-trial motions are to be filed within ten (10) work days of the date of arraignment. The government shall have ten (10) work days to respond to any motion, except that in multiple-defendant cases the government may file a joint response within ten (10) work days after all the defendants' motions have been filed.

Pre-trial motions received by the Clerk outside the required period shall not be filed without leave of Court. Untimely motions will not be considered absent a showing of good cause for failure to file within the time set by the Court.

If the government intends to use at trial evidence of "other crimes, wrongs or acts" under Fed. R. Evid. 404(b), it must comply with the Court's Local Rules regarding this type evidence. Specifically, the Local Rules provide:

> As soon as practicable after the defendant's arraignment, and in any event no more than twenty (20) days after the arraignment (unless the Court directs otherwise), the United States Attorney shall serve upon counsel for the defendant a written notice of any direct or circumstantial evidence of other crimes, wrongs, or acts of the defendant, or specific instances of conduct or

> criminal convictions of the defendant, which the Government intends to offer into evidence through either Fed. R. Evid. 404(b) or under the theory that the evidence is so inextricably intertwined with defendant's charged offense that it should be admissible.

Loc. Crim. R. 16.2; <u>see also</u> Loc. Crim. R. 12.3. Nothing in these Rules indicate that a defendant is entitled to receive documents or other evidence from which the government derives the bad act evidence.

It is clear that under both the Federal Rules of Evidence and the Local Rules of this Court, notice is not only a condition precedent to admissibility but also requires more than a mere commingling of extrinsic offense evidence reports in the government's general discovery offering. Such would not provide the defendant with notice since he would have to determine at his peril which of the government's offering constituted "extrinsic" offense evidence. Such a procedure would also not apprise the defendant of the purpose for which said evidence was admissible under Rule 404(b). The Rule allows such evidence for various purposes, including, but not limited to, "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b); <u>see also</u> <u>United States v. Baker</u>, 432 F.3d 1189, 1204, 1205 (11th Cir. 2005) (discussing parameters for admission of evidence under Rule 404(b)).

If the government intends to use 404(b) evidence, its notice, in whatever form the government chooses to use, must be filed within 20 days after the arraignment[1] and must outline in general form the evidence to be offered and provide a memorandum of law stating

---

[1] Of course, for good cause shown, the government may move the Court for permission to supplement this notice in the event that evidence otherwise admissible under the auspices of Fed. R. Evid. 404(b) is discovered or first brought to the attention of the government more than 20 days after the arraignment.

2

the purpose(s) for which the evidence will be offered and case law supporting the government's position. This procedure will allow the defendant an opportunity to respond with his own legal arguments regarding admissibility prior to trial, thereby avoiding needless delay during trial. Further, at trial, if the government wishes to present such evidence, counsel must approach the bench prior to introducing such evidence in order that defense counsel may have an opportunity to object to the admissibility of such evidence, and if such evidence is to be admitted over objection, to request appropriate limiting instructions.

Additionally, counsel are instructed to file all requests to charge and proposed voir dire questions at least seven (7) days before jury selection. Counsel representing indigent clients must make their requests for witness subpoenas or writs for the production of prisoner witnesses at least ten (10) work days before the evidentiary hearing or trial, whichever is applicable. Counsel's requests for witness subpoenas must articulate specific facts demonstrating both the relevancy and necessity of the requested witnesses' testimony. United States v. Rinchack, 820 F.2d 1557, 1566 (11th Cir. 1987).

Finally, defense counsel is reminded that dissemination of discovery material beyond that necessary to the preparation of the defense is prohibited by Loc. Crim. R. 16.1. Any discovery material turned over to the defendant shall be maintained by the defendant and not further disseminated. <u>Failure to comply with the terms of this Order regarding dissemination of discovery material may result in contempt proceedings</u>.

SO ORDERED this___day of April, 2007, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

3

# United States District Court
## Southern District of Georgia

UNITED STATES OF AMERICA     *

         vs.     *     CASE NO. 1:07-cr-28

TOMMY DRAWDY     *

    *

    *

The undersigned, a regularly appointed and qualified deputy in the office of this Clerk of this District, while conducting the business of the Court for said Division does hereby certify the following:

1. Pursuant to instructions from the court, and in the performance of my official duties, I personally placed in the U.S. Mail a sealed envelope bearing the lawful frank of the Court, and properly addressed to each of the persons, parties or attorneys listed below; and

2. That the aforementioned envelope(s) contain a copy of the documents known as order _____ dated 4/23/07 _____, which is part of the official records of this case.

Date of Mailing: 4/23/07
Date of Certificate: 4/23/07

SCOTT L. POFF, CLERK

By _L. Jerden_

NAME:
1. Tommy Drawdy
2. James W. Ellison
3. 
4. 
5. 
6. 
7. 

Cert/Copy
- ☐ ☐ District Judge
- ☐ ☒ Magistrate Judge
- ☐ ☐ Minutes
- ☐ ☐ U.S. Probation
- ☐ ☐ U.S. Marshal
- ☐ ☒ U.S. Attorney
- ☐ ☐ JAG Office

Cert/Copy
- ☐ ☐ Dept. of Justice
- ☐ ☐ Dept. of Public Safety
- ☐ ☐ Voter Registrar
- ☐ ☐ U.S. Court of Appeals
- ☐ ☐ Nicole/Debbie
- ☐ ☐ Ray Stalvey
- ☐ ☐ Cindy Reynolds